**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Murray Jones Leffers,<br><br>           Plaintiff,<br><br>v.<br><br>Amazon, Inc.,<br><br>           Defendant. | No. CV-20-00974-PHX-DGC<br><br>**ORDER** |

On May 18, 2020, Plaintiff Murray Leffers filed a pro se complaint asserting a copyright infringement claim against Defendant Amazon, Inc. Doc. 1 at 3-4 (citing 17 U.S.C. § 102). Plaintiff alleges that, without his authorization, Amazon sold online his debut novel, *He Dreams: The Wayland Proposal*. *Id.* at 4.[1]

Plaintiff has filed an application to proceed in forma pauperis ("IFP"). Doc. 2. He also has filed a motion for review of the application and for appointment of counsel. Doc. 6.[2] The Court will grant Plaintiff's IFP application and deny his request for appointment of counsel without prejudice.

---

[1] *See also* Amazon, https://www.amazon.com/Dreams-Wayland-Proposal-murray-leffers/dp/1547052368 (last visited June 9, 2020).

[2] Attached to the motion is a completed report on the filing of a copyright action. *Id.* at 3; *see* Doc. 5.

## I. IFP Application.

Plaintiff completed a court-approved form which shows that he receives a monthly income of $620.00 from social security and veteran disability benefits, and has monthly expenses totaling $459.00. Doc. 2 at 1-5. It is clear from the form that Plaintiff cannot pay fees and costs and still provide himself with the necessities of life. *See Adkins v. E. I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1943). The Court will grant Plaintiff's IFP motion.

## II. Motion for Appointment of Counsel.

Plaintiff states that he has a strong case and requests that counsel be appointed to represent him "against the massive panel of lawyers Amazon will employ[.]" Doc. 6 at 2. There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regent*s, 673 F.2d 266, 269 (9th Cir. 1982). In IFP proceedings, the Court may request an attorney to represent the plaintiff. 28 U.S.C. § 1915(e)(1). Appointment of counsel is required only in "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A court must evaluate the likelihood of success on the merits as well as the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* Neither factor is dispositive and both must be viewed together. *Id.* (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff is in a position no different than other pro se litigants, and the Court cannot appoint counsel without considering the above factors. It is unclear whether Plaintiff will be able to succeed on the merits of his claim, but he has shown the ability to articulate the claim thus far in this action. Having considered both factors, the Court cannot conclude at this time that exceptional circumstances exist. The Court will deny without prejudice Plaintiff's motion for appointment of counsel.

## III. Plaintiff's Duties and Responsibilities.

### A. Plaintiff Must Follow the Rules.

This Circuit has made clear that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986);

*see Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (pro se litigants should not be treated more favorably than parties represented by attorneys); *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (pro se litigants are subject to the same good faith limitations imposed on lawyers). Plaintiff therefore is required to become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office.[3]

### B. Service of Process.

Plaintiff is responsible for having the summons and complaint properly served on Defendant within the time allowed by Federal Rule of Civil Procedure 4(m).

### C. Address Changes.

Plaintiff must file and serve a notice of any change of address in accordance with Local Rule of Civil Procedure 83.3(d). Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### D. Possible Dismissal.

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

**IT IS ORDERED:**

1. Plaintiff's IFP application (Doc. 2) is **granted**. Plaintiff is responsible for serving process on Defendant. *See* Fed. R. Civ. P. 4.
2. Plaintiff's motion for review of his IFP application (Doc. 6 at 1) is **granted**.
3. Plaintiff's motion for appointment of counsel (Doc. 6 at 2) is **denied** without prejudice.

---

[3] The Local Rules also are available online at http://www.azd.uscourts.gov/local-rules.

- 3 -

4.  The Clerk is directed to provide the Copyright Office with a copy of Plaintiff's report on the filing of a copyright action.  Doc. 6 at 3.

Dated this 10th day of June, 2020.

*David G. Campbell*

David G. Campbell
Senior United States District Judge